[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the respondent mother's Renewal of Motion for Permission to Engage in Discovery dated January 15, 2002. [Respondent mother had previously filed a Motion for Pre-Trial Discovery dated November 13, 2001. On December 10, 2001, the court, (Brenneman, J.) deferred ruling on said motion, allowing counsel for respondent mother to reclaim the motion if he was unable to otherwise obtain the information sought.]
A "redacted" copy of the documents in the Department of Children and Families (DCF) file has been provided to counsel for the respondent mother. Counsel have agreed to have the court review an unredacted copy of any pages which contained redactions to determine whether such redactions were limited to those matters allowed by statutes.
Per respondent mother's motion, the following discovery is sought:
 7. The respondent seeks to take the depositions of the following persons who are likely to have relevant information regarding this case:
a. Ms. Cathy LaPierre, MSW, Case Worker DCF;
 b. Officer Maggie Thompson, Norwalk Police Department;
 c. Dr. Janet Andrews, Norwalk Hospital Emergency Room Physician;
d. Mr. Scott M. R CT Page 3379
e. Ms. Diane Saffran, MSATR
 8. In addition, the respondent seeks to have the deponents produce at their depositions records and materials including but not limited to:
 a. Video or audio tapes of any interviews with the minor child;
 b. Original notes of interviews with individuals, which notes are of interviews with or questioning of the minor child;
 c. Original notes of interviews with individuals who are noted to be sources of information in the DCF reports, or the statement of reasons filed with the petition for neglect.
 d. Information or records obtained by the listed individuals from third parties;
 e. Authorizations for the release of information, in the possession of the persons listed above.
f. The DCF Policy Manual.
 9. In addition, counsel for the respondent requests permission to meet with and interview the minor child, Elizabeth R and to record the interview by video camera and tape.
At the hearing on this motion, respondent mother's counsel expanded his requested discovery to include depositions of and production of documents by Dr. Weinberger, personnel of the Children's Connection involved with an interview of Elizabeth on or about September 6, 2001 and DCF administrators regarding the decision made by DCF, in the fall of 2001, to file this neglect petition.
Section 35-3 of the Connecticut Practice Book (Revision of 1998) provides the following procedure for discovery in juvenile matters:
Pretrial discovery by interrogatory, production, inspection or deposition of a person may be allowed with the permission of the judicial authority only if the information or material sought is not otheriseCT Page 3380 obtainable and upon a finding that the proceedings will not be unduly delayed.
The petition in this matter alleging two counts of neglect, (denial of proper care and attention either physically, educationally, emotionally or morally and permitted to live under conditions, circumstances or associations injurious to the child's well-being), was filed in the Superior Court for Juvenile Matters on October 9, 2001, The addendum to the petition alleges the following "Jurisdictional Facts":
 Mother continuously makes unfounded allegations that father has sexually abused Elizabeth, and as a result, the child is being subjected to a battery of uncomfortable and invasive tests, causing visible anxiety and discomfort for the child.
 Mother has instructed Elizabeth to make false allegations of sexual abuse against her father, causing the child to be visibly distressed.
On November 13, 2001, the parents appeared in response to the petition, were advised of their rights and entered pro forma denials to the allegations. The court (Brenneman, J.) ordered that a CIP Guardian ad Litem be appointed for the child.
On December 10, 2001 hearings were held on various motions, including respondent mother's Motion to Dismiss, based in part on the prior pendency of a post judgment motion for modification of custody filed by the respondent father in the family court, a Motion for Exclusive Jurisdiction filed by the attorney for the child, a Motion to Terminate the Appointment of the Guardian ad Litem filed by the respondent mother, and a Motion for Modification of Custody filed by respondent father. At this hearing the court (Brenneman, J.) directed that the matter be scheduled for trial as soon as possible, in the special child protection venue held in the Middletown Superior Court.
On January 7, 2002 further motions were scheduled, including motions for evaluations filed by various parties, a Motion for Temporary Custody filed by the respondent father and a Motion for Disqualification of the judicial authority, (Brenneman, J.), filed by respondent mother. The various motions for evaluations were contested. Evidentiary hearings on those motions were held on January 23, 2002 and January 30, 2002. At these hearings, Cathy LaPierre DCF Investigative Social Worker on this case was called as a witness by the State and cross-examined by counsel for the mother and counsel for the child. CT Page 3381
On January 30, 2002 this court entered orders regarding the evaluations to be conducted and a case status conference was scheduled for February 11, 2002 to allow counsel to meet and select the evaluator(s), propose questions to be answered by the evaluator(s), and propose documents to be Provided to the evaluator(s). Any matters in dispute were to be submitted to the court for resolution. This court entered orders on the disputed matters regarding the documents to be provided to and questions to be answered by the evaluator(s) on February 15, 2002. Evaluations in this matter are now scheduled for March 27, 2002. Pursuant to the December 10, 2001 directive of Judge Brenneman, upon receipt of the evaluations, further proceedings in this matter will be promptly scheduled in the Middletown Child Protection court.
On or about March 13, 2002, a hearing was held in the Superior Court Family Division and the court (Shay, J.) ordered that the family court file be transferred to the Superior Court for Juvenile Matters for all further proceedings.
At the hearing on the instant motion, counsel for the respondent mother represented that he had already been provided with information by Dr. Weinberger in a telephone conference. Counsel further represented that he had received all records from the Norwalk Police Department related to this matter with the exception of any results of the "rape crisis" kit or testing. As previously referenced in this memorandum, a copy of the DCF record has been provided, with the remaining redacted portions to be reviewed in camera by this court. The DCF investigative worker has already testified and been cross examined by counsel for respondent mother. Additionally, there was no evidence presented, or representation made, in the course of this hearing that the other information or materials sought were not otherwise obtainable.
Based upon all of the foregoing, this court cannot find that the information or materials requested by the respondent mother are not otherwise obtainable. Further this court cannot make a finding based upon the history of this case that allowing the discovery which is sought would not unduly delay the proceedings in this matter.
Accordingly, the respondent mother's Renewal of Motion for Permission to Engage in Discovery is denied.
 ___________________ Dennis, J.